**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4242**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS SILVA-COLON, a/k/a Carlos Colon,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:07-cr-00207-F-1)

---

Submitted:  August 21, 2008     Decided:  September 10, 2008

---

Before WILLIAMS, Chief Judge, and KING and DUNCAN,[1] Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

---

[1]Judge Duncan did not participate in consideration of this case.  The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Carlos Silva-Colon pled guilty to illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000), and was sentenced to forty-seven months' imprisonment, a sentence within the advisory guideline range suggested by the federal sentencing guidelines. He appeals his sentence. We affirm.

Silva-Colon did not move for a sentence below the guideline range; thus we review for plain error his claim on appeal that the district court erred in failing to grant him a downward sentencing variance. Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731 (1993). Silva-Colon claims a variance should have been granted, <u>sua</u> <u>sponte</u>, because the application of the sixteen-level enhancement he received for a prior crime of violence[2] resulted in an unreasonable sentence, as the sentence was longer than necessary to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2007). He does not dispute that his advisory guidelines range was properly calculated, or that the sixteen-level enhancement was properly applied. Rather, he claims that any application under USSG § 2L2.2(b)(1)(A) results in an unreasonable sentence, unless

---

[2]<u>See</u> <u>U.S.</u> <u>Sentencing</u> <u>Guidelines</u> <u>Manual</u> ("USSG") § 2L1.2(b)(1)(A)(iii)(2007).

the district court sentences a defendant below the guidelines range.

We find no merit to Silva-Colon's assertion that the district court is required to apply a variance to offset the application of USSG § 2L1.2(b)(1)(A)(iii), particularly where, as here, no such request was made by the defendant. Absent such a request, the district court had no duty to consider granting a variance.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007). We first determine whether the district court committed any procedural error, such as failing to calculate the guideline range properly, consider the § 3553(a) factors, or explain the sentence adequately, id., and then decide whether the sentence is substantively reasonable. Id.; see also United States v. Brewer, ___ F.3d ___, 2008 WL 733395, at *4 (4th Cir. 2008). In this case, the district court followed the necessary procedural steps.

The appeals court must also consider the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. A sentence within a properly calculated guideline range, as Silva-Colon's sentence was, may be accorded a presumption of reasonableness. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Here, we conclude that the sentence was reasonable.

Silva-Colon does not contest the calculation of his guideline range, and the district court sentenced him at the middle of the properly-calculated range.  The district court imposed the sentence after considering the arguments at the sentencing hearing, including Silva-Colon's request for leniency, and the § 3553(a) factors.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED